UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 07 B 05138 |
| | ) Chapter 13 |
| ROBERT CHARLES ROSS, | ) Judge John H. Squires |
| | ) |
| Debtor. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Robert Charles Ross (the "Debtor") to reconsider the Court's Memorandum Opinion and Order dated September 13, 2007, which sustained, in part, an objection by Marilyn O. Marshall, the Chapter 13 Standing Trustee (the "Trustee"), to confirmation of the Chapter 13 plan proposed by the Debtor. For the reasons set forth herein, the Court grants the Debtor's motion. The Debtor's proposed plan complies with 11 U.S.C. § 1325(b)(1)(A). Accordingly, the Trustee's objection to the plan on that basis is overruled.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

-2-

## II. FACTS AND BACKGROUND

All of the relevant facts and background are contained in the Court's Memorandum Opinion dated September 13, 2007. *In re Ross*, 07 B 05138, 2007 WL 2683676 (Bankr. N.D. Ill. Sept. 13, 2007). Therein, the Court sustained, in part, the Trustee's objection to the Debtor's proposed Chapter 13 plan on the basis that the plan did not commit all of the Debtor's disposable income to the payment of the claims under 11 U.S.C. § 1325(b)(1)(B). Seven days later, on September 20, 2007, the Debtor filed the instant motion to reconsider. The Trustee opposes the motion.

## III. APPLICABLE STANDARDS

A "motion to reconsider" is not formally designated by either the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure, except as provided in Bankruptcy Rule 3008, which allows reconsideration of orders allowing or disallowing claims against the estate. Rule 59(e) of the Federal Rules of Civil Procedure, as adopted by Bankruptcy Rule 9023, permits a party to move the Court to alter or amend a judgment entered by filing a motion to alter or amend, not one styled as a "motion to reconsider."

The Seventh Circuit Court of Appeals has instructed courts to treat all substantive post-judgment motions filed within ten days of judgment under Rule 59. *Charles v. Daley*, 799 F.2d 343 (7th Cir. 1986). Nevertheless, the Debtor brings the motion under Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60. Because the Debtor's "motion to reconsider" was filed on September 20, 2007, seven days after the entry of the order, the procedural standards and authorities construing Rule 59 control.

-3-

Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Indeed, the Rule permits a party to bring to the attention of the trial court "factual and legal errors that may change the outcome so they can be corrected. It does not allow a party to introduce new evidence earlier available, or advance arguments that could and should have been presented prior to the judgment." *Herbstein v. Bruetman (In re Bruetman)*, 259 B.R. 672, 673-74 (Bankr. N.D. Ill. 2001).

The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *Moro*, 91 F.3d at 876; *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr. N.D. Ill. 1990). The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated

-4-

with motions from dissatisfied litigants." *BNT Terminals*, 125 B.R. at 977. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. *See LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).

## IV. DISCUSSION

First, the Debtor argues that his proposed plan meets the requirements of 11 U.S.C. §1325(b)(1)(A), and, therefore, it should be confirmed. Specifically, the Debtor contends that in order for a plan to be confirmed over the objection of the Trustee, the plan must either meet the requirements of §1325(b)(1)(A) *or* (b)(1)(B). According to the Debtor, his plan proposes to pay all of his creditors in full and thus meets the requirements of § 1325(b)(1)(A).

The Trustee originally objected to confirmation of the plan on two bases: (1) that the Debtor was not paying interest to the creditors and therefore did not comply with § 1325(b)(1)(A); and (2) that the Debtor was not committing all of his projected disposable income to fund the plan and thus did not meet the requirements of § 1325(b)(1)(B).

The Court agrees with the Debtor's assertion that under § 1325(b)(1)(A) the plan should be confirmed over the objection of the Trustee. The Court held in its Opinion that "because the Debtor's Chapter 13 plan proposes to pay the unsecured creditors the full value of their allowed claims, the requirement of § 1325(b)(1)(A) has been met." 2007 WL 2683676, at *6. Indeed, the Court overruled the Trustee's objection to the plan on the ground that it failed to pay unsecured creditors interest on their claims. *Id.* Accordingly, the Court amends its Opinion with respect to the denial of confirmation of the Debtor's plan. The proposed plan shall be confirmed because it complies with § 1325(b)(1)(A).

-5-

Next, the Debtor argues that the Court should reconsider its decision that "projected disposable income" is determined solely by the B22C Form. The Debtor quotes a portion of the Court's opinion that "[s]ection 1325(b)(3) expressly states that the amounts reasonably necessary to be expended for purposes of determining disposable income shall be determined pursuant to § 707(b)(2)(A) and (B)." 2007 WL 2683676, at *5. The Debtor maintains that the sole purpose of § 707(b)(2)(B) is to set out the fact that if the product of the test shows a presumption of abuse has arisen, then a debtor is entitled to rebut that presumption. According to the Debtor, a Chapter 13 debtor should be permitted to rebut the presumption of payment that arises in the B22C Form. The Debtor contends if he is not permitted to rebut that presumption, then § 1325(b)(3) would not refer to § 707(b)(2)(B).

The Court rejects the Debtor's argument. First, the Debtor mistakenly argues that the "presumption of abuse" standard applies in the Chapter 13 cases. Section 707(b) of the Bankruptcy Code deals with dismissal of a case or conversion of a Chapter 7 case to a case under Chapters 11 or 13. Indeed, § 707(b)(1) states in pertinent part that "the court . . . may dismiss a case filed by an individual debtor *under this chapter*. . . if it finds that the granting of relief would be an abuse of the provisions of *this chapter*." 11 U.S.C. § 707(b)(1) (emphasis supplied). The chapter being referred to in this section is Chapter 7. Section 707(b)(2)(A) and (B) then specify what constitutes a presumption of abuse and how that presumption can be rebutted. This presumption of abuse applies to Chapter 7 cases and is irrelevant in the context of a Chapter 13 case. Section 1325(b)(3), which defines reasonable and necessary expenses for above the median debtors, makes reference to § 707(b)(2)(A) and (B) with respect to the amounts reasonably necessary to be expended under § 1325(b)(2). The function of § 707(b)(2)(B) in the context of

-6-

a Chapter 13 case is to provide for special circumstances that justify expenses that were not previously deducted on the B22C Form. Line 59 of the B22C Form provides a category for these additional expenses. Thus, the Court finds that the reference to § 707(b)(2)(B) in § 1325(b)(3) is for the purpose of justifying additional deductions, not to rebut a presumption of abuse.

Hence, with respect to this point, the Court denies the Debtor's motion.

## V. CONCLUSION

For the foregoing reasons, the Court grants the Debtor's motion and amends its Memorandum Opinion and Order dated September 13, 2007, to reflect that the Debtor's plan shall be confirmed because it complies with §1325(b)(1)(A).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: 10/31/7

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Robert C. Ross
**Bankruptcy No. 07 B 05138**

Nathan E. Curtis, Esq.
Law Offices of Peter Francis Geraci
55 E. Monroe Street, Suite 3400
Chicago, IL 60603

Keisha Hooks, Esq.
Office of Chapter 13 Standing Trustee
Marilyn O. Marshall
224 S. Michigan Avenue
Suite 800
Chicago, IL 60603